UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE MASSEY,<br>　　　　Plaintiff<br>　　v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>　　　　Defendant. | Case No. 2:16-cv-05001-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Leslie Massey ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 19 ("Pltf.'s Br.") and Dkt. 22 ("Def.'s Br."). The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

///

///

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On February 25, 2010, Plaintiff filed an application for DIB and SSI, alleging that he became disabled as of December 12, 2005. [Dkt. 15, Administrative Record ("AR") 125-134.] The Commissioner denied his initial claim for benefits and then denied his claim upon reconsideration. [AR 77-83; 85-96.] On April 2, 2012, a hearing was held before Administrative Law Judge ("ALJ") Mary L. Everstein. [AR 44-70.] On April 13, 2012, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 23-33.] Plaintiff requested review from the Appeals Council, which denied review. [AR 1-6.]

Plaintiff filed a civil action on October 17, 2013. United States Magistrate Judge Carla R. Woehrle remanded the case to the Commissioner for further proceedings on August 4, 2014. [AR 427-437 (*Massey v. Colvin*, CV 13-7353-CW, Dkt. 16).] Subsequently, on April 7, 2015 a second hearing was held before the same ALJ. [AR 371-395.] On May 28, 2015, the ALJ issued a decision again denying Plaintiff's request for benefits. [AR 321-339.] Plaintiff requested review from the Appeals Council, which denied review. Plaintiff now seeks review from this Court.

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1) 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since December 12, 2005, the alleged onset date, through December 31, 2010, his date last insured. [AR 323.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, heel spurs, left shoulder impingement syndrome with degenerative changes, asthma controlled on medication, bipolar disorder, depressive disorder, NOS, anxiety disorder, NOS, and a history of polysubstance abuse in remission. [AR 324 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the

2

severity of one of the listed impairments. [AR 327 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [M]edium work as defined in 20 CFR 404.1567(b) and 416.967(c) except the claimant is restricted to simple, routine tasks in a nonpublic environment that involves only incidental or superficial contact with the public. The claimant must avoid concentrated exposure to dust, fumes, and respiratory irritants.

[AR 328.] Applying this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work, but determined that based on his age (44 years old) limited education, and ability to communicate in English, he could perform representative occupations such as hand packer (DOT 920.587-018), laundry worker (DOT 361.685-018), hospital food server (DOT 319.677-014), retail marker (DOT 209.587-034), and hotel/motel housekeeper (DOT 323.687-014) and, thus, is not disabled. [AR 333-334; 387-388.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff contends that the ALJ rejected the opinions of a treating psychiatrist and two consultative psychiatric examiners without stating legally sufficient reasons

3

for doing so. [Pltf.'s Br. at 5-12.] As set forth below, the Court agrees with Plaintiff and remands the matter for further proceedings.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine, but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 404.1527; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ is obligated to take into account all medical opinions of record, resolve conflicts in medical testimony, and analyze evidence. 20 C.F.R. § 404.1527(c); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

In conducting this analysis, the opinion of a treating or examining physician is entitled to greater weight than that of a non-examining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). To reject the uncontradicted opinion of a treating or examining physician, the ALJ must provide clear and convincing reasons. *Ghanim v. Colvin*, 763 F.3d 1154, 1160-61 (9th Cir. 2014); *Lester*, 81 F.3d at 830. When a treating or examining physician's opinion is contradicted by another opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1161; *Garrison*, 759 F.3d at 1012; *Lester*, 81 F.3d at 830-31. "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison*, 759 F.3d at 1012 (internal citation omitted).

Although ALJs "are not bound by any findings made by [non-examining] State agency medical or psychological consultants, or other program physicians or psychologists," ALJs must still "consider findings and other opinions of State agency medical and psychological consultants and other program physicians,

4

psychologists, and other medical specialists as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled" because such specialists are regarded as "highly qualified . . . experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i). "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." 20 C.F.R. § 404.1527(e)(2)(ii); *see also* SSR 96-6p ("Findings...made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources," and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions.")

### A. The ALJ Failed To Provide Specific and Legitimate Reasons For Rejecting The Opinions Of The Two Consultative Examiners.

Plaintiff first contends that the ALJ erred in rejecting the opinions of consultative psychiatric examiners, Isadore Wendel, Ph.D. and Stephen Simonian, M.D. [Pltf.'s Br. at 5-12.]

#### i. Dr. Wendel

Plaintiff argues that the ALJ improperly rejected Dr. Wendel's opinion in favor of the opinion of a State Agency medical consultant. [Pltf.'s Br. at 5-8.] Given that Dr. Wendel's opinion was contradicted, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Wendel's opinion. The Court finds that the ALJ erred in her assessment of Dr. Wendel's psychological evaluation, for the reasons set forth below.

Dr. Wendel, a clinical psychologist, examined Plaintiff in September 2008. [AR 221-224.] Dr. Wendel diagnosed Plaintiff with schizoaffective disorder and a history of polysubstance abuse in remission. [AR 223.] Dr. Wendel assessed a Global Assessment of Functional ("GAF") score of 50 and concluded that Plaintiff

had marked impairments in activities of daily living, maintaining concentration, persistence, and pace, and social functioning. [AR 223-224.] He also found that Plaintiff would have repeated episodes of emotional deterioration in a work setting. [AR 224.]

The ALJ stated two reasons for rejecting Dr. Wendel's opinion.[1] First, the ALJ stated that Dr. Wendel's opinion was "completely unsupported by his mental status examination of [Plaintiff]" conducted during the evaluation. [AR 331.] However, Dr. Wendel made several significant clinical observations that supported his opinion, including: Plaintiff's overly bright affect, which was "[n]ot in sync with his fundamental mood and the topics of discussion; Plaintiff's pressed and simultaneously manic mood; and Plaintiff's demonstrated difficulty with simple abstract reasoning questions." [AR at 222-223.] These documented impairments in mood, affect, and thought processes, are consistent with Dr. Wendel's opinion that Plaintiff had marked impairment in activities of daily living, maintaining concentration, persistence, pace, social functioning, and would have repeated episodes of emotional deterioration in a work setting. Accordingly, the Court finds that the mental status examination conducted by Dr. Wendel supports his opinion regarding Plaintiff's mental impairments.

The second reason the ALJ gave for rejecting Dr. Wendel's opinion was that it was "based primarily on [Plaintiff's] subjective complaints." [AR at 331.] An "ALJ may reject a treating physician's opinion if it is based to a large extent on a

---

[1] The Court notes that the ALJ articulated the same two reasons for rejecting Dr. Wendel's opinion in her prior decision. [Compare AR 26 and 331.] The Court previously rejected these rationales in *Massey v. Colvin*, Case No. 2:13-cv-07353-CW, Dkt. 16. However, because of the additional medical evidence adduced at Plaintiff's subsequent hearing; the relevant record; and the discretionary nature of the law of the case doctrine, the Court declines to apply the law of the case doctrine to the ALJ's assessment of Dr. Wendel's opinion subject to review herein. *See U.S. v. Park Place Associate,* 563 F.3d 907, 925 (9th Cir. 2009); *Earl Old Person v. Bob Brown* 312 F.3d 1036, 1039 (9th Cir. 2002).

6

claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotations and citations omitted). However, this is distinguishable from a situation where a treating or examining physician makes independent observations and supports his or her conclusions with other evidence. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008); see also *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Here, questioning the credibility of Plaintiff's complaints was not a sufficient reason to reject Dr. Wendel's opinion, which was based on objective medical evidence and Dr. Wendel's observations in addition to Plaintiff's statements. Accordingly, the Court finds that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Wendel's opinion.

### ii. Dr. Simonian

Plaintiff next contends that the ALJ improperly rejected the opinion of Dr. Stephan Simonian, M.D., consultative psychiatrist, in favor of the opinion of the State agency medical consultant. [Pltf.'s Br. at 6.] The Court agrees.

In June 2010, Plaintiff underwent a consultative psychiatric evaluation by Dr. Simonian. [AR 251-257.] Dr. Simonian diagnosed schizoaffective disorder, ruled out depressive disorder, NOS, and also found substance abuse in remission. [AR 254-255.] He concluded that Plaintiff was able to understand, remember, and carry out simple instructions. [AR 255-256.] He found marked impairment in social interaction, adaption to work stresses, maintaining regular attendance, and performing daily activities. [*Id.*] He found moderate impairment in concentration and working without special supervision. [*Id.*]

As stated previously, when an examining physician's opinion is contradicted by another opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1161; *Garrison*, 759 F.3d at 1012; *Lester*, 81 F.3d at 830-31. Here, the ALJ stated only one reason for rejecting Dr. Simonian's opinion—it was

inconsistent with Dr. Simonian's mental status examination of Plaintiff. However, the ALJ's finding that Dr. Simonian's mental status examination results were inconsistent with his own opinion is not supported by substantial evidence. Dr. Simonian opined that Plaintiff would have marked impairments in social interaction, adaption to work stresses, maintaining regular attendance, and performing daily activities and moderate impairments in concentration and working without special supervision. [AR 254.] These conclusions are not out of line with impairments in mood and affect and thought processes documented in his evaluation. [AR 253-254.] "[W]here the purported existence of an inconsistency is squarely contradicted by the record, it may not serve as the basis for the rejection of an examining physician's conclusion." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Accordingly, that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Simonian's opinion.

### B. The ALJ Failed To Provide Specific and Legitimate Reasons for Assigning Dr. Barg's Opinion Less Weight.

Plaintiff also contends that the ALJ improperly gave Dr. Barg's opinion little probative weight. [Pltf.'s Br. at 12- 15.] In March 2012, Dr. Barg, Plaintiff's treating physician, assessed Plaintiff's functional capacity. [AR 307-312.] She diagnosed Plaintiff with depressive disorder, NOS and explosive disorder. [AR 307.] She opined that Plaintiff had a GAF score of 45, which indicates impairment in multiple areas of functioning. [*Id.*] Specifically, Dr. Barg opined that Plaintiff suffered from marked limitation in maintaining social functioning, concentration, persistence or pace and will have four or more episodes of decompensation within a 12-month period, each at least two weeks long. [AR 311.] The ALJ was required to provide specific and legitimate reasons for rejecting Dr. Barg's opinion. For the reasons set forth below, the Court finds that the ALJ erred in her assessment of Dr. Barg's opinion.

///

In assigning Dr. Barg's opinion limited probative weight, the ALJ found that Dr. Barg's opinion: (1) "consisted almost entirely of boxes checked on a form without any narrative discussion of clinical findings" and did not include any corroborating treatment notes; and (2) the mental status examinations in the record did not support Dr. Barg's opinion regarding Plaintiff's limitations. [AR 331.]

In evaluating Dr. Barg's opinion, the ALJ failed to recognize that the opinion expressed on the check-box form was based on significant experience with Plaintiff and supported by numerous of Dr. Barg's own treatment notes, and was therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit. *See Garrison*, 759 F. 3d at 1013. Dr. Barg personally examined Plaintiff from June 2010 to March 2014 and provided treating notes documenting Plaintiff's impairments in mood and affect. [AR 590-611.] The ALJ ignored these treatment notes as well as the first page of the check-box form, which provided narrative detailing Dr. Barg's length of treatment of Plaintiff, multi-axial evaluation, prescribed treatment and responses from Plaintiff, as well as a list of medications, side effects, clinical findings, and prognosis. [AR 307.] Therefore, the ALJ's conclusion that Dr. Barg's opinion consisted of boxes checked on a form without any narrative discussion of clinical findings or any corroborating treatment notes is erroneous.

The second reason the ALJ gave for rejecting Dr. Barg's opinion was that it was inconsistent with multiple mental status examinations in the record. [AR 331.] However, the ALJ does not cite to any specific mental status examination to support her position. As stated previously, Dr. Wendel and Dr. Simonian both provided mental status examinations documenting impairments in mood, affect, and thought processes, which is consistent with Dr. Barg's opinion. Other mental treatment evaluations contain similar findings. [*See, e.g.*, AR 229, 555, 569, 594, 596, 597, 602.] Accordingly, the ALJ's conclusion that the record contains mental status examinations that are inconsistent with Dr. Barg's opinion is not supported by

substantial evidence.

*********

In sum, the ALJ erred by giving little weight to the opinions of Drs. Wendel, Simonian, and Barg. The record shows that each doctor conducted professional clinical assessments, and came to conclusions based on personal observation or test results. There is no indication the doctors simply relied on the statements Plaintiff made to them in arriving at their conclusions. The opinions of these three doctors are largely consistent with all the other medical opinions in the record, aside from that of the non-examining State Agency physician, Dr. R. Paxton. The Court accordingly concludes the ALJ erred in discounting the three doctors' opinions because her findings are not supported by substantial evidence. These errors are significant because they affect Plaintiff's RFC.

Finally, the Court notes that the ALJ assigned significant probative weight to the opinion of Dr. Paxton. [AR at 332; AR 266-279.] Dr. Paxton diagnosed Plaintiff with schizoaffective disorder personality disorder, and substance abuse. [AR 269-276.] He opined that Plaintiff was limited to simple work in a non-public setting, but did not impose any other limitations. [AR 268; 277.] To the extent the ALJ relied on Dr. Paxton's opinion to discount the medical opinions discussed above, the ALJ erred. "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." 20 C.F.R. §§ 404.1527(e)(2)(ii). Here, Dr. Paxton provided a check-box form with no narrative explaining his findings. "[A]n ALJ may discredit [] physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (internal quotation, emphasis, and citations omitted). Given this, the ALJ should reevaluate the medical opinion evidence of Drs. Wendell, Simonian, Barg, and Paxton on remand.

# V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81. The Court has found that the ALJ erred at step two of the sequential evaluation process. Thus, remand is appropriate to allow the Commissioner to continue the sequential evaluation process starting at step two.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: June 26, 2017


_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE